# EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
3/19/2018 2:15 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
EDWARD J. WYNDER, ESQ.
Nevada Bar No. 13991
NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettleslawfirm.com
christian@nettleslawfirm.com
edward@nettleslawfirm.com
*Attorneys for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JACOB HUGHES, an individual, | CASE NO.: A-18-771352-C |
| Plaintiff, | DEPT NO.: Department 16 |
| vs. | |
| JAMES RIVER INSURANCE COMPANY; DOE INDIVIDUALS 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiffs, JACOB HUGHES, by and through his counsels, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Edward J. Wynder, Esq. of the Nettles Law Firm, and for their causes of action against Defendants above named, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Jacob Hughes (hereinafter "Plaintiff") is, and at all relevant times was, an individual residing in Clark County, Nevada.

2. Upon information and belief, Defendant James River Insurance Company (hereinafter "Defendant James River") is, and at all relevant times was, an insurance company authorized to write insurance policies in Nevada.

3. Upon information and belief, all of the acts, omissions, and conduct described below of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents, and representatives.

4. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants Does 1 through 10, ROE Corporations 11 through 20, and ABC Limited Liability Companies 21 through 30 ("Does/XYZ/ABC"), inclusive, are unknown to Plaintiff at this time, whom therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

5. Upon information and belief, Doe/XYZ/ABC Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

6. On or about April 21, 2016, and at all times relevant hereto, Plaintiff was the driver of a 2015 GMC Yukon Denali and he was driving his vehicle eastbound on Desert Inn Road. When Plaintiff was slowing down in order to switch travel lane, the driver behind

Plaintiff failed to reduce speed and thereby crashing into the rear of Plaintiff's vehicle (hereinafter "Subject Crash"), causing Plaintiff to sustain bodily injury and incur damages.

7. Upon information and belief, on or about April 21, 2016, and at all times relevant hereto, Plaintiff was an employee of the named insured on automobile policy CA436100NV-01 issued by Defendant James River (hereinafter the "James River Policy") and Plaintiff was under the coverage of the James River Policy.

8. The James River Policy contained a provision for uninsured/underinsured motorist coverage in the amount of $100,000,000.00 per occurrence.

9. Additionally, the other driver's insurance coverage was inadequate to compensate Plaintiff for his losses.

10. To date, Plaintiff has incurred medical expenses in excess of $ 113,957.54 as a result of the Subject Crash.

11. Plaintiffs first contacted Defendant State Farm regarding the uninsured/underinsured motorist coverage on April 26, 2016.

12. On or about October 5, 2017, Plaintiff forwarded his injury damages documentations to Defendant James River and requested Defendant James River to evaluate Plaintiff's claim under his James River Policy.

13. On or about November 8, 2017, Plaintiff provided Defendant James River with supplemental documentations for Plaintiff's injury damages.

14. Such documentations put Defendant James River on notice that Plaintiff has incurred medical expenses in excess of $113,957.54 as a result of the Subject Crash.

15. Further, Plaintiff is in need of future medical care and surgery in an amount in excess of $110,000.00.

16. Subsequently, Defendant James River offered an amount of $90,000.00 to Plaintiff for settling his underinsured motorist claim.

17. Despite the amount of medical expenses that Plaintiff has already incurred, and the associated receipts to prove the amount, Defendant James River refuses to authorize an appropriate settlement that would fully compensate Plaintiff for his loss.

18. The amount that Defendant State Farm offered was based on a range of value not disclosed to Plaintiff on his claim for benefits under the James River Policy.

19. Plaintiff has been damaged by Defendant James River in an amount in excess of $15,000.00.

20. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract)**

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 as though fully set forth herein.

22. Upon information and belief, on or about April 21, 2016, and at all times relevant hereto, a valid contract, the James River Policy, existed between Plaintiff and Defendant James River; wherein Defendant James River would provide uninsured/underinsured motorist coverage in the amount of $100,000,000.00 per occurrence.

23. Upon information and belief, on or about April 21, 2016, Plaintiff had fully performed all of his duties under the James River Policy.

24. Upon information and belief, on or about April 21, 2016, the driver who struck Plaintiff was an uninsured/underinsured motorist as defined in the James River Policy.

25. Defendant James River breached the James River Policy by, among other things, refusing to fully compensate Plaintiff under the uninsured/underinsured coverage provisions.

26. As a direct and proximate result of Defendant James River's breach of the James River Policy, Plaintiff is entitled to recover damages in excess of $15,000.00.

27. As a direct and proximate result of Defendant James River's breach of the James River Policy, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

### (Contractual Breach of Implied Covenant and Good Faith and Fair Dealing)

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 as though fully set forth herein.

29. In Nevada, implied in every contract, including the James River Policy, is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

30. Defendant James River breached its duty of good faith and fair dealing by, among other things, refusing to fully compensate Plaintiff under the uninsured/underinsured coverage provisions.

31. As a direct and proximate result of Defendant James River's contractual breach of the implied warranty of good faith and fair dealing, Plaintiff is entitled to recover damages in excess of $15,000.00.

32. As a direct and proximate result of Defendant James River's breach of the implied warranty of good faith and fair dealing, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## THIRD CAUSE OF ACTION

### (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

35. Defendant James River owed a duty of good faith to Plaintiff.

36. There was a special element of reliance between Plaintiff and Defendant James River where Defendant James River was in a superior or entrusted position.

37. Defendant James Rivers breached the James River Policy by, among other things, refusing Plaintiff the compensation due under the underinsured coverage provisions and by

unreasonably undervaluing Plaintiff's claim, and by placing its own interests above those of Plaintiff.

38. Plaintiff's justified expectations were thus denied.

39. Plaintiff has been damaged by Defendant James River's breaches of the implied covenant of good faith and fair dealing in an amount in excess of $15,000.00.

40. As a direct and proximate result of Defendant James River's breach of the implied warranty of good faith and fair dealing, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FOURTH CAUSE OF ACTION

### (Unfair Practices in Settling Claims)

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42. Defendant James River violated several provisions of Nev. Rev. Stat. § 686A.310 by, among other things, failing to acknowledge and act with reasonable promptness in response to communications from Plaintiff, and failing to effectuate prompt, fair and equitable settlements of Plaintiff's claims.

43. Plaintiff has been damaged by Defendant James River's unfair practices in an amount in excess of $15,000.00.

44. As a direct and proximate result of Defendant James River's unfair practices in settling claims, Plaintiff has had to retain the services of the law offices of Nettles Law Firm to pursue this action, and, as such, is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46. Under N.R.S. § 30.010 et seq., the Uniform Declaratory Judgment Act, any person interested under a written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

47. A justiciable controversy exists as Plaintiff has asserted a claim of right to indemnification for their loss from Defendant James River, and Defendant James River has an interest in contesting Plaintiff's claim of right because it has repudiated the James River Policy, and has refused to indemnify Plaintiff for his uninsured/underinsured motorist claim. Accordingly, the controversy is among persons whose interests are adverse.

48. Plaintiff has a legally-protectable interest in the controversy, i.e., his right to indemnification from Defendant James River.

49. The issue involved in the controversy is ripe for judicial determination because there is a substantial controversy, among parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50. Accordingly, Plaintiff requests a declaratory judgment that Defendant James River owes him a duty to indemnify them on their uninsured/underinsured motorist claim.

51. Plaintiff has been required to retain the services of counsel to prosecute this matter and, as such, is entitled to an award of their costs and reasonable attorneys' fees incurred herein.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For damages in excess of $15,000.00;
2. For punitive and/or exemplary damages;
3. For declaratory judgment;
4. For interest as permitted by law;
5. For costs and attorney's fees incurred herein; and
6. For such other and further relief as the Court deems proper.

DATED this 19th day of March, 2018.

NETTLES LAW FIRM

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
EDWARD J. WYNDER, ESQ.
Nevada Bar No. 13991
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*